UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY JOE SPENCER,<br><br>        Plaintiff,<br><br>    v.<br><br>P.D. BRAZELTON, et al.,<br><br>        Defendants. | CASE No. 1:14-cv-00707-MJS<br><br>ORDER CLARIFYING PLAINTIFF'S OBLIGATIONS REGARDING SERVICE AND FILING FEE AND DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(ECF Nos. 6 and 8) |

Plaintiff Billy Joe Spencer is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 2, 2014, Plaintiff filed a motion seeking clarification of his responsibility to serve the Defendants with copies of orders filed in this action. (ECF No. 6.) On June 13, 2014, Plaintiff filed a motion for an extension of time to submit a portion of his filing fee. (ECF No. 8.) Plaintiff's motion also requested preliminary injunctive relief. (Id.)

**I.     SERVICE**

Plaintiff's June 2, 2014 motion asks to what extent he is required to serve the Defendants with copies of court filings in this action. He has no such obligation.

"A pro se plaintiff need not serve documents on counsel for a defendant." (First Informational Order, ECF No. 3 at 4.) Plaintiff is entitled to the appointment of the U.S.

Marshal to serve process on his behalf because he is proceeding in forma pauperis. 28 U.S.C. §1915(d); Fed. R. Civ. P. 4(c)(3).

(However, the Marshal will not be directed by the Court to initiate service of the complaint until the Court has screened Plaintiff's complaint and determined that it states a cognizable claim. 28 U.S.C. § 1915A. Plaintiff is directed to page four of the First Information Order for an explanation regarding screening and service of process. (ECF No. 3.))

## II.     EXTENSION OF TIME

Plaintiff requests an extension of time to gather the funds necessary to pay the Court's filing fee for this case. (ECF No. 8.) Plaintiff's motion for an extension of time is denied as moot. Plaintiff is not required to personally collect money and send a payment to the Court. Plaintiff is proceeding in forma pauperis in this action and therefore his payments towards the total filing fee are made by his correctional facility through his prison trust account. The payment process is described in the Court's May 20, 2012 order granting Plaintiff's in forma pauperis application. (ECF No. 4.)

## III.    PRELIMINARY INJUNCTION

Plaintiffs June 13, 2014 motion also requests preliminary injunctive relief to assist him in securing his litigation file.

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008) (citation omitted). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Id. Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in

relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

The Court has not yet screened Plaintiff's complaint.  Until the Court reviews the pleading and determines which claims are cognizable and appropriately raised in this action, the Court lacks jurisdiction to issue any preliminary injunctions.  18 U.S.C. § 3626(a)(1)(A); Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.

**IV.   CONCLUSION**

Plaintiff is not required to take any steps to serve the Defendants at this stage of the proceedings or make filing fee payments directly to the Court.  Plaintiff's motion for an extension of time and preliminary injunctive relief (ECF No. 8) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   June 20, 2014                        /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE