UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY JOE SPENCER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P.D. BRAZELTON & R. OLAES,<br><br>　　　　Defendants. | CASE NO. 1:14-cv-0707-MJS<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF NO. 11)<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND<br><br>(ECF NO. 12)<br><br>DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g)<br><br>CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE |

**SCREENING ORDER**

**I.  PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 4.)  Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

The Court screened Plaintiff's Complaint and dismissed it for failure to state a claim but gave leave to amend. (ECF No. 10.)  Plaintiff's First Amended Complaint (ECF No. 11.) is now before the Court for screening.

Plaintiff also filed a motion for leave to amend the First Amended Complaint, which the Court will also address below. (ECF No. 12.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF COMPLAINT

Plaintiff identifies P.D. Brazelton, Warden of the Pleasant Valley State Prison ("PVSP"), Captain R. Olaes, and Does 1-10 as Defendants.

Plaintiff's allegations can be summarized essentially as follows:

On August 19, 2012, a Crip gang riot occurred at PVSP. As a result, on August 20, 2012, the prison administration placed Crip gang members and their cellmates on lockdown or "confinement to quarters" ("CTQ") status. There was no evidence to support this disciplinary administrative decision because Plaintiff is not a gang member.[1]

On August 20, 2012, all "nonaffected" inmates were returned to normal program, but Plaintiff still was not released from CTQ status. On August 24, 2012, Plaintiff made Defendants Brazelton and Olaes aware that he was falsely labeled a Crip gang member and requesting that the error be corrected, but Defendants did nothing.

---

[1] Exhibits attached to Plaintiff's First Amended Complaint indicate conflicting information regarding his affiliations with gangs. (*See* ECF No. 11 at 15-16, 26-27, 46, 49; *but see* ECF No. 11 at 44.)

2

Plaintiff was placed in a position of being victimized by Crip gang members. Plaintiff did not inform Defendants of this danger because he did not want to be labeled a snitch and did not believe they would respond, given their unresponsiveness to his previous complaints.

On August 30, 2012, after being released from CTQ status, Crip gang members approached Plaintiff and inquired as to why he had not been attending gang meetings. Plaintiff informed them that he was not a Crip gang member, and they responded by stating "we'll get at You, later cuzz." On September 1, 2012, Plaintiff was attacked and sexually assaulted by Crip gang members.

Defendant Brazelton made false assertions in his delayed response to Plaintiff's complaints about being falsely labeled a Crip gang member.

Defendants violated Plaintiff's Eighth and Fourteenth Amendment rights and California Government Code § 820(a).

**IV.   ANALYSIS**

  **A.   Section 1983**

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

### B. Linkage

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). In other words, there must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

Plaintiff names ten John Doe Defendants in the case caption, but fails to link any of these John Doe Defendants to a violation of his constitutional rights. Plaintiff did not name any of these Defendants in his original Complaint and fails to plead any facts related to them in his First Amended Complaint.

### C. State Law Negligence

Plaintiff alleges that Defendants were negligent under Cal. Gov. Code § 820(a), and that pursuant to the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), he is not required to comply with the California Tort Claims Act ("CTCA").

Plaintiff was denied leave to amend his negligence claim in the Court's prior screening order because he conceded that he had not complied with the CTCA. (ECF No. 10.) In *Heck*, the Supreme Court held that until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists; such claims

may be asserted only in a *habeas corpus* petition.  *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).  Nothing in the Supreme Court's holding supports Plaintiff's assertion that he need not comply with the CTCA.

Additionally, as indicated below, Plaintiff has not stated a federal claim for relief, and therefore, the Court will not exercise supplemental jurisdiction over any state law claims.  28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

Plaintiff's claim is dismissed without leave to amend.

### D.    CTQ Status

Lastly, Plaintiff alleges that his Eighth and Fourteenth Amendment rights were violated when he was erroneously labeled a Crip and placed on CTQ status.

#### 1.  Eighth Amendment

The Eighth Amendment "protects prisoners . . . from inhumane methods of punishment . . . [and] inhumane conditions of confinement."  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and severe, prison officials must provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  They also have a duty to take reasonable steps to protect inmates from physical harm by other inmates.  *Id.* at 833.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's health or safety. *Id.* at 834.  "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.* at 1057 (*quoting Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)).  The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of

facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id*. at 837; *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *Farmer*, 511 U.S. at 842.

Plaintiff has not stated an Eighth Amendment claim for failure to protect. Instead of alleging Defendants knew of, and disregarded, the risk posed by the Crip gang members or knew that the attack was occurring and failed to prevent it, Plaintiff alleges that he did not inform Defendants of the risk because he did not want to be labeled a snitch and did not believe they would respond. He alleges that the filing of his grievance was sufficient notice of the risk of harm to him. The Court previously advised Plaintiff that these facts were insufficient to state a claim under the Eighth Amendment. (ECF No. 10.) His failure to correct these deficiencies is reasonably construed as reflecting an inability to do so. Leave to amend would be futile and is denied.

### 2. Fourteenth Amendment Due Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Id.* Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (*citing Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id.*; *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

When a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

Plaintiff alleges that his placement on CTQ status was a disciplinary action pursuant to 15 CCR § 3000, and therefore, he should have been entitled to the above three protections prior to being confined to his cell. While the California Code of Regulations defines CTQ as "an authorized disciplinary hearing action," 15 CCR § 3000, the exhibits attached to Plaintiff's First Amended Complaint indicate that there was not an administrative decision to place Plaintiff individually on CTQ status. Rather, there was a decision to place inmates on a Modified Program, which "occur[s] independently in response to an incident or unusual occurrence or . . . as a facility transitions from a lockdown to regular programming." *Id*.; (ECF No. 11 at 32.) Here, a riot at PVSP involving Crip gang members. Therefore, Plaintiff's confinement to his cell or reduction in his movement was not due to disciplinary charges, and Plaintiff has not pled any other facts which would suggest he was entitled to the above protections under the circumstances.

Plaintiff was previously advised of the discrepancy between his characterization of his status as CTQ and the attached documents to his Complaint.Plaintiff's failure to provide additional facts to support his claim that his due process rights were violated is reasonably construed as reflecting an inability to do so. Leave to amend would be futile and is denied.

Finally, Plaintiff complains that Defendant Brazelton made false assertions in his response to Plaintiff's grievances. "The Due Process Clause itself does not contain any

7

language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations." *Shallowhorn v. Gonzalez*, 2012 U.S. Dist. LEXIS 60267 (E.D. Cal. Apr. 30, 2012) affd, 514 F. Appx. 660 (9th Cir. 2013) (*citing Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986)). Therefore, Plaintiff cannot state a claim against Defendant Brazelton based merely on his false statements in responding to Plaintiff's concerns.

## V.    MOTION FOR LEAVE TO AMEND

Plaintiff seeks leave to amend his First Amended Complaint in order to attach the summons and proofs of service documents to it. (ECF No. 12)  These documents have no bearing on Plaintiff's substantive claims, and in light of the Court's ruling above, they are unnecessary.  Plaintiff's motion is DENIED.

## VI.   CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim upon which relief may be granted.  Plaintiff was advised in the prior screening order of deficiencies in his claims and was given the opportunity to correct them.  Plaintiff has failed to do so, and no useful purpose would be served in allowing yet another opportunity to amend.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The action is DISMISSED WITH PREJUDICE for failure to state a claim;
2. Dismissal shall count as a strike pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g);
3. Plaintiff's motion for leave to amend is DENIED; and
4. The Clerk of Court shall terminate all pending motions and CLOSE this case.

IT IS SO ORDERED.

Dated:   April 13, 2015                      /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE

8